Kevin C. Barrett, State Bar No. 8959
**BARRETT & MATURA, P.C.**
7575 Vegas Drive, Suite 150c
Las Vegas, NV 89128
Telephone: (702) 833-1033
Facsimile: (602) 792-5711
Email: kbarrett@barrettmatura.com

*Attorney for Defendant Badger*
*Mutual Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BADGER MUTUAL INSURANCE COMPANY, a foreign insurer, | Case No. 2:26-cv-1226 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | |
| PARADISE GARDENS SHOPPING CENTER, LLC, a foreign limited liability company; LAS VEGAS PIZZA, LLC, a Nevada limited liability company; O'REILLY AUTO ENTERPRISES, LLC, a foreign limited liability company, | |
| Defendants. | |

Plaintiff Badger Mutual Insurance Company ("Badger"), through its counsel undersigned and for its Complaint for Declaratory Relief, hereby alleges as follows:

1. Badger is a foreign insurance company, with its principal place of business and citizenship in the State of Wisconsin.

2. Defendant Paradise Gardens Shopping Center, LLC ("Paradise Gardens") is a limited liability company, formed in Nevada, with its principal place of business and citizenship in the State of Nevada.

3. Defendant Paradise Gardens has two individual managers/members, both of whom are residents of California, with their citizenship in the State of California.

4. Defendant Las Vegas Pizza, LLC ("LV Pizza") is a limited liability company, formed in Washington, with its principal place of business and citizenship in the State of Washington.

5. Defendant LV Pizza has two individual managers/members, both of whom are residents of Washington, with their citizenship in the State of Washington.

6. Defendant O'Reilly Auto Enterprises, LLC ("O'Reilly") is a limited liability company, formed in Delaware, with its principal place of business and citizenship in the State of Delaware.

7. Defendant O'Reilly has one member, which is a corporation with its principal place of business and citizenship in the State of Missouri.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00.

9. This is an action for declaratory relief stemming from certain claims brought against Badger's insured, Paradise Gardens, by LV Pizza and O'Reilly regarding alleged property damage and loss of use of property located in Clark County, Nevada. Venue is properly in this Court.

### The Badger Policy

10. Badger issued a Commercial Policy, Policy number 00696-03129, to Paradise Gardens, in effect during the policy term 03/31/23 – 03/31/24 (the "Policy"). The Policy provides commercial general liability coverage in the amount of $1,000,000 per occurrence and $2,000,000 in the aggregate.

11. The Policy insures a commercial shopping center located at 1131 East Tropicana Avenue in Las Vegas, Nevada ("the Property").

12. The Policy states in part:

**PRINCIPAL COVERAGES**

**We** provide insurance for the following coverages indicated by a specific **limit** or premium charge on the **declarations.**

**COVERAGE L –    BODILY INJURY LIABILITY
                 PROPERTY DAMAGE LIABILITY**

**We** will pay all sums which an **insured** becomes legally obligated to pay as **damages** due to **bodily injury** or **property damage** to which this insurance applies.  The **bodily injury** or **property damage** must be caused by an **occurrence** and arise out of the ownership, maintenance or use of the **insured premises** or operations that are necessary or incidental to the **insured premises.**

This insurance applies only to **bodily injury** or **property damage** which occurs during the policy period.

* * *

**DEFENSE COVERAGE**

Payments under this coverage are in addition to the **limits** for the Commercial Liability Coverage.

1.      **We** have the right and duty to defend a suit seeking **damages** which may be covered under the Commercial Liability Coverage. **We** may make investigations and settle claims or suits **we** decide are appropriate.

        Suit includes any alternative dispute resolution proceeding involving **bodily injury** or **property damage** to which:

        a.  **You** must submit; or

        b.  **you** submit with **our** consent.

13.    The Policy also includes the following exclusions:

**EXCLUSIONS**

**We** do not pay for a loss if one or more of the following excluded events apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded event.

**EXCLUSIONS THAT APPLY TO BODILY INJURY AND PROPERTY DAMAGE**

* * *

1.      **We** do not pay for **bodily injury** or **property damage:**

        a.      Which is expected by, directed by, or intended by the **insured**; or

        b.      That is the result of intentional and malicious acts of the insured.

        This exclusion does not apply to **bodily injury** that arises out of the use of reasonable force to protect people or property.

3

\* \* \*

## ADDITIONAL EXCLUSIONS THAT APPLY ONLY TO PROPERTY DAMAGE

1 . **We** do not pay for **property damage** to property owned by, occupied by, or rented to **you,** except as covered under Coverage O.

\* \* \*

7. **We** do not pay for **property damage** to property that has not been physically injured or destroyed, or to **impaired property,** that arises out of:

    a.   a delay or failure to perform a contract by **you** or one acting on **your** behalf; or

    b.   a defect, deficiency, inadequacy, or unsafe condition in **your work or products.**

This exclusion does not apply to the loss of use of other property resulting from sudden and accidental physical injury to or destruction of **your work** or **products** after having been put to its intended use.

### The Incident and Underlying Suit

14. Paradise Gardens is the owner/landlord of the Property.

15. LV Pizza is or was a tenant at the Property, operating a Pizza Hut Restaurant.

16. O'Reilly is or was a tenant at the Property, operating an O'Reilly Auto Parts store.

17. On 04/09/23, a fire occurred at the Property, causing damage to the electrical equipment servicing the Property ("the Incident").

18. Paradise Gardens undertook certain repairs in order to fix the damage to the electrical system to the Property resulting from the Incident.

19. LV Pizza and O'Reilly's claimed that Paradise Gardens breached its lease agreement with its tenants by the failure to timely and adequately repair the Property. LV Pizza and O'Reilly's alleged certain damages and losses due to the Incident and the loss of electricity to the Property.

20. O'Reilly's submitted a claim and made a demand to Paradise Gardens for the reimbursement of its alleged damages and losses ("the O'Reilly claim"). O'Reilly's has not yet filed suit against Paradise Gardens.

4

21.     LV Pizza also submitted a claim and made a demand to Paradise Gardens for the reimbursement of its alleged damages and losses.

22.     LV Pizza also brought suit against Paradise Gardens in Clark County, Nevada, Case number A-25-912365-C, styled *Las Vegas Pizza, LLC v. Paradise Gardens Shopping Center, LLC et al.* ("the Underlying Suit").

23.     In the Underlying Suit, LV Pizza alleged that it was unable to operate its business for a period of time until the repairs were completed and the electrical system was operable. The Underlying Suit includes claims of breach of contract and breach of the covenant of good faith and fair dealing for the alleged failure by Paradise Gardens to comply with its obligations under the lease agreement between the parties, as well as fraudulent misrepresentation based on alleged representations that Paradise Gardens would provide LV Pizza with power.

24.     In the Underlying Suit, LV Pizza seeks its alleged damages, including lost profits and other out-of-pocket expenses.

25.     Paradise Gardens tendered the O'Reilly claim to Badger for a defense and indemnity.

26.     Paradise Gardens tendered the Underlying Suit to Badger for a defense and indemnity.

27.     Badger has been investigating the O'Reilly claim under a reservation of rights.

28.     Badger is providing a defense to Paradise Gardens in the Underlying Suit under a reservation of rights.

29.     The liability coverage of the Policy applies only to claims for an "occurrence" resulting in "bodily injury" or "property damage" during the policy period.

30.     The Policy contains an exclusion for any "property damage" to property that is owned by or occupied by the insured.

31.     The Policy contains an exclusion for any "property damage" to "impaired property."

5

32. Due to these and other Policy provisions, there is a dispute as to whether Paradise Gardens is entitled to a defense or indemnity with regard to the O'Reilly claim.

33. Due to these and other Policy provisions, there is a dispute as to whether Paradise Gardens is entitled to a defense or indemnity with regard to the Underlying Suit.

34. Due to a dispute as to whether the Policy affords coverage for the O'Reilly claim and the Underlying Suit, an actual controversy now exists between the parties herein.

35. Badger therefore files this Complaint for Declaratory Relief and seeks a judicial determination of its rights and obligations under the Policy with respect to the claims asserted against Paradise Gardens by O'Reilly and LV Pizza. Such a judicial determination is necessary and appropriate so that Badger may ascertain its rights and obligations under the terms and conditions of its Policy.

WHEREFORE, Badger brings this Complaint for Declaratory Relief against Defendants and prays for judgment as follows:

1. For a judicial determination that Badger has no obligation to provide a defense to Paradise Gardens with regard to the O'Reilly claim;

2. For a judicial determination that Badger has no obligation to provide Paradise Gardens with indemnity with regard to the O'Reilly claim;

3. For a judicial determination that there is no coverage under the Policy for the O'Reilly claim;

4. For a judicial determination that Badger has no obligation to provide a defense to Paradise Gardens in the Underlying Suit;

5. For a judicial determination that Badger has no obligation to provide Paradise Gardens with indemnity in the Underlying Suit;

6. For a judicial determination that there is no coverage under the Policy for the claims brought by LV Pizza against Paradise Gardens in the Underlying Suit;

7. For reasonable attorneys' fees incurred herein;

5. For costs incurred herein; and

6.    For any other and further relief as this Court may deem just and proper.

DATED this 21st day of April, 2026.

BARRETT & MATURA, P.C.

By /s/ Kevin C. Barrett
    Kevin C. Barrett
    7575 Vegas Drive, Suite 150c
    Las Vegas, NV 89128
    *Attorney for Plaintiff Badger Mutual
    Insurance Company*

7